# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| KEVIN O'BRIEN STENSON | : | DOCKET NO. 2:05-cv-663 |
| VS. | : | JUDGE MINALDI |
| ALLEN CORRECTIONAL CENTER | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Currently before the court is a "Motion for Appointment of Counsel" [doc. 3] filed by *pro se* plaintiff, Kevin O'Brien Stenson. By this motion, the plaintiff seeks to have the court appoint an attorney to assist him with his claim for alleged job discrimination which he brings under Title VII of the Civil Rights Act of 1964 (Title VII). Plaintiff is, with the prior approval of the court, proceeding *in forma pauperis* in this matter.

Congress has specifically authorized courts to appoint counsel for plaintiffs proceeding under Title VII of the Civil Rights Act of 1964 (Title VII). 42 U.S.C. §2000e-5(f)(1) provides, in pertinent part:

> Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

A plaintiff has no right to automatic appointment of counsel under this provision. *Gonzalez v. Carlin*, 907 F.2d. 573 (5th Cir. 1990). "Rather, the decision whether to appoint counsel rests within the sound discretion of the trial court." *Id.* A court analyzing the merits of a request for appointed counsel should consider: (1) the merits of the plaintiff's claim, (2) plaintiff's efforts to

obtain counsel on his own behalf, and (3) plaintiff's financial ability to retain counsel. *Gonzalez, supra*; *Neal v. IAM Local Lodge 2386*, 722 F.2d. 247 (5th Cir. 1984); *Caston v. Sears, Roebuck, and Company*, 556 F.2d. 1305 (5th Cir. 1977). No one factor is considered conclusive. *White v. United States Pipe & Foundry Co.*, 646 F.2d. 203 (5th Cir. 1981).

The Fifth Circuit has stated that the determination of the Equal Employment Opportunity Commission (EEOC) is "highly probative" in determining whether to appoint counsel. *Gonzalez*, 907 F.2d. at 580; *Caston,* 556 F.2d. at 1309. In this case, the EEOC issued a "Dismissal and Notice of Rights" document dated January 12, 2005 which stated that based upon its investigation, the EEOC was unable to conclude that the information obtained establishes a violation of the statute. Although this finding suggests to the court that the EEOC did not find serious merit in plaintiff's claim, the court will not infer, to plaintiff's detriment, that his claim has no merit based on the absence of the information relied on by the EEOC from the record. Nevertheless, this factor weighs slightly against the appointment of counsel.

Plaintiff's motion for appointment of counsel indicates that he contacted only one attorney, Willis Low[1], in January, 2004 about representing him. He states that Mr. Low declined to represent the plaintiff because he didn't have enough experience. Thus, while the court finds that the plaintiff has made some effort to contact an attorney on his own behalf, the court finds that plaintiff's effort approximately 10 months before filing an EEOC charge and more than one year before filing this civil action lacks sufficient diligence and do not weigh in favor of appointing counsel.

Finally, plaintiff's financial information indicates that he is currently unemployed and that

---

[1] Plaintiff's motion does not reveal where Mr. Willis Low practices law, and a search of the Louisiana State Bar Association's website, www.lsba.org, and the Louisiana Legal Directory did not disclose any Louisiana attorney by that name.

he has not earned any money in the last twelve months. He lists living expenses which total approximately $1070 per month, and credit card debt totaling $1000. Additionally, he lists a $400 per month child support obligation for his three children. From the financial information provided, it appears as if the plaintiff's monthly expenses currently exceed his monthly income. However, the court notes that the plaintiff has apparently remained unemployed for more than one year and that he has provided the court with no explanation of his unemployment. Thus, it is at least questionable whether plaintiff could obtain employment and possibly arrange a payment plan with an attorney who might be willing to take his case.

After weighing plaintiff's situation in light of the three factors mandated by the Fifth Circuit, this court finds that the scales tip against the appointment of counsel at this time.

ACCORDINGLY,

IT IS ORDERED that the plaintiff's Motion for Appointment of Counsel by the court be and same hereby is DENIED.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 17th day of August, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE