UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| KEVIN O'BRIEN STENSON | : | DOCKET NO. 2:05-cv-663 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| ALLEN CORRECTIONAL CENTER | : | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Currently before the court is a civil rights action filed by *pro se* plaintiff, Kevin O'Brien Stenson, pursuant to Title VII of the Civil Rights Act of 1964. This matter has been referred to the undersigned Magistrate Judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

## FACTS

Plaintiff was employed as a corrections officer at the Allen Correctional Center beginning in 1993 until December 25, 2003. He claims that his employment at Allen Correctional Center was terminated on December 25, 2003 in retaliation for his notifying corporate officers that a female co-employee was being sexually harassed by her supervisor. Plaintiff states that he first contacted corporate headquarters about the alleged sexual harassment of his female co-employee on October 29, 2003. Following his complaint, the plaintiff claims that he was subjected to numerous retaliatory write-ups and a suspension. He claims that he was ultimately fired on December 25, 2003. Plaintiff filed an EEOC charge concerning these events on November 3, 2004.

He received a Right to Sue Letter from the EEOC which is dated January 12, 2005. He filed this civil action on April 12, 2005.

## LAW AND ANALYSIS

Because the plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915, the court is authorized to review the complaint under 28 U.S.C. §1915(e)(2)(B) and to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks relief against a defendant who is immune from such relief. See, 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii). The Fifth Circuit has held that "where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915." *Gartrell v. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993); *Gonzales v. Wyatt,* 157 F.3d 1016 (5th Cir. 1998); *see also Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

Filing a timely charge with the EEOC is a precondition to filing a Title VII action in federal court. *Mayes v. Office Depot, Inc.*, 292 F.Supp.2d 878, 87-88 (W.D. La. 2003), citing *Zipes v. Trans World Airlines, Inc.*, 102 S.Ct. 1127 (1982). This requirement is not a jurisdictional prerequisite but rather functions as a statute of limitations which is subject to waiver, estoppel, and equitable tolling. *Zipes,* 102 S.Ct. at 1132. The Supreme Court and the Fifth Circuit have advised that the equitable doctrines of tolling and estoppel are to be applied sparingly and that the plaintiff bears the burden of presenting a factual basis which would justify tolling the limitations period. *Nat'l RR Passenger Corp. v. Morgan,* 122 S.Ct. 2061, 2072 (2002); *Manning v. Chevron Chem. Co.,* 332 F.3d 874, 880 (5th Cir.2003)*; Ramirez v. City of San Antonio,* 312 F.3d 178, 183 (5th Cir.2002); *Scott v. CSR Hydro Conduit,* 2005 WL 1669610, *2 (W.D.La. 2005).

In order for the EEOC charge to be timely in a "deferral state" such as Louisiana[1], the Title VII plaintiff must file a charge of discrimination with the EEOC within 30 days after receiving notice that the state or local agency has terminated proceedings or within 300 days of the alleged discriminatory employment action, whichever is earlier. 42 U.S.C. § 2000e-5(e)(1); *Burrell v. Brown,* 2000 WL 1056312, *3 (5th Cir. 2000); *Janmeja v. Board of Supervisors of Louisiana State University,* 96 Fed.Appx. 212, 214, 2004 WL 902304, (5th Cir. 2004). In this case, the facts pled by the plaintiff in his original and amended complaints and the attachments thereto clearly indicate (1) that the employment actions about which the plaintiff complains took place between October 30, 2003 and December 25, 2003 and (2) that the plaintiff filed his Charge of Discrimination with the EEOC on November 3, 2004. Based upon these facts, the court finds that the Charge of Discrimination was filed 314 days after the last alleged discriminatory act and 14 days beyond the applicable statute of limitations for filing a timely charge with the EEOC.

The court's Memorandum Order which directed the plaintiff to amend his complaint put the plaintiff on notice of the need to file a timely EEOC charge and the time period for doing so. However, in amending his complaint, the plaintiff did not address the delay in filing his EEOC charge and has provided no explanation for his tardiness which would justify the application of the equitable doctrines to toll the limitations period. Accordingly, the court finds that the plaintiff has failed to file a timely EEOC charge and has thus failed to satisfy a precondition for bringing a Title VII action in

---

[1]"A deferral state is one in which state law prohibits discrimination in employment and a state agency has been established to grant or seek relief for such discriminatory practice. *Clark v. Resistoflex Co.,* 854 F.2d 762, 765 n. 1 (5th Cir.1988). The Louisiana Commission on Human Rights has been funded and operating since April 1994, making Louisiana a deferral state since that time. La.Rev.Stat. § 51:2233; G. Guidry, *Employment Discrimination Claims in Louisiana,* 45 La. B.J. 240, 241 (Oct.1997); G. Huffman, *The Louisiana Commission on Human Rights--Now It's for Real,* Briefly Speaking, Spring 1995, at 4 (New Orleans Bar Ass'n)." *Singleton v. RPM Pizza, Inc.,* 2004 WL 2216530, *3, n.1 (E.D.La.,2004).

federal court. *Scott v. CSR Hydro Conduit,* 2005 WL 1669610, *2 (W.D.La. 2005); see also *Abrams v. Baylor College of Medicine,* 805 F.2d 528, 532 (5th Cir. 1986)("Timely filing is a prerequisite to the maintenance of a Title VII action, and the failure to file within the statutory period will ordinarily operate as a bar to suit."); *Floyd v. Lord & Taylor,* 96 Fed.Appx. 792, 793 (2nd Cir. 2004)(affirming district court's *sua sponte* dismissal of Title VII suit for failure to state a claim where plaintiff filed EEOC charge 29 days beyond statutory limitations period).

Therefore,

IT IS RECOMMENDED that this action be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for the failure to state a claim upon which relief may be granted.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 17th day of August, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE